**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Elfego H.,[1]                                                                File No. 26-CV-2257 (JMB/EMB)

      Petitioner,

v.                                                                                             **ORDER**

Todd Blanche, *Acting Attorney General*;
Markwayne Mullin, *Secretary of Homeland
Security*; Todd M. Lyons, *Acting Director of
U.S. Immigration & Customs Enforcement*;
David Easterwood, *Field Office Director for
Enforcement and Removal Operations*; Eric
Tollefson, *Sheriff of Kandiyohi County*,

      Respondents.

---

Erin Lins, Zimmer Law Group LLC, St. Paul, MN, for Petitioner Elfego H.

David W. Fuller and Joshua Sweeney, United States Attorneys' Office, Minneapolis, MN, for Respondents Todd Blanche, Markwayne Mullin, Todd M. Lyons, and David Easterwood.

---

This matter is before the Court on Petitioner Elfego H.'s Petition for a Writ of Habeas Corpus (Petition). (Doc. No. 1.) For the reasons explained below, the Court grants the Petition.

**FINDINGS OF FACT**

1.      Elfego H. alleges that he entered the United States lawfully on January 7,

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental party in immigration cases.

1

2022, with an H2A visa that he has since overstayed. (Doc. No. 1 [hereinafter, "Pet."] ¶¶ 13, 23.)[2]

2.  Elfego H. has no prior criminal history or order of removal. (Pet. ¶ 14.)

3.  On March 25, 2026, a South Dakota Highway Patrol Officer pulled over Elfego H. to initiate a traffic stop  (Doc. No. 7 [hereinafter "Campbell Decl."] ¶ 4.)  At some point during the traffic stop, Elfego H. indicated that he was a citizen and national of Guatemala, and the officer then contacted Immigration and Customs Enforcement (ICE) to determine his legal status. (*Id.*)  ICE conducted a routine records check and determined that Elfego H.'s visa expired on August 1, 2022, and that he was out of status. (*Id.*)  Elfego H. was subsequently arrested and sent to Kandiyohi County Jail in Willmar, Minnesota. (Pet. ¶¶ 7, 16.)

4.  On March 26, 2026, ICE served Elfego H. with an I-200 warrant and a Notice to Appear, Form I-862, charging him removeable under § 237(a)(1)(B) of the Immigration and Nationality Act, as a noncitizen who was admitted to the United States and subsequently remained here for a time longer than permitted. (Campbell Decl. ¶ 5; Doc. No. 7-2.)

5.  On April 15, 2026, Elfego H. filed his Petition pursuant to 28 U.S.C. § 2241. In it, he asks the Court to order his immediate release from Respondents' custody on the grounds that his arrest was unlawful and violated due process or, in the alternative, that he

---

[2]  Respondents allege that Elfego H. entered the United States lawfully on June 11, 2022, with an H2B visa. (Doc. No. 7 ¶ 4.)  The Court need not resolve this factual dispute because it changes nothing about the analysis of the case.

is entitled to a bond hearing.  (*Id.* at 10.)

6.      Also on April 15, 2026, the Court ordered Respondents to file a response to the Petition by April 20, 2026, at 11:00 a.m. (Doc. No. 3.)  Todd Blanche, Markwayne Mullin, Todd Lyons, and David Easterwood (together, Respondents) timely filed a response.  (Doc. No. 6.)  The Court then ordered Elfego H. to file a reply on or before April 23, 2026, at 11:00 a.m., to which Elfego H. complied.  (Doc. No. 9.)

### DISCUSSION

Elfego H. seeks immediate release pursuant to 28 U.S.C. § 2241, arguing that his warrantless arrest was unlawful.  (Pet. at 10.)[3]  Respondents argue that a warrantless arrest was justified by 8 C.F.R. § 287 and 8 U.S.C. § 1357(a)(2).  (*See generally* Doc. Nos. 6, 9.)  The Court disagrees and concludes that, on this record, arresting officers had no basis to arrest Elfego H. without a warrant and therefore Elfego H.'s current detention is unlawful.

### A.      Constitutional Guarantee of Habeas Review

As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004)

---

[3]  Respondents do not contest that Elfego H. was arrested on March 25, 2026, without a warrant.  (*See generally* Doc. No. 6.)  The Court observes, however, that Respondents' written submissions include one statement that "there was a timely issuance" of a Form I-200 warrant (Doc. No. 6 at 12).  The Court disregards this conclusory statement because it is inconsistent with the remainder of Respondents' submission, which advances an argument to justify Elfego H.'s warrantless arrest.  In addition, the only legal authority that Respondents presented to this Cout concerns warrantless arrests.  Absent any well-developed argument that there was a timely warrant for the arrest of Elfego H., the Court concludes that Elfego H. was arrested without a warrant on March 25, 2026.

3

(concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025).  For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted).  The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence.  *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

## B.  Warrantless Arrest Requirements

In this case, the Court agrees with Elfego H. that no exception to the warrant requirement exists to justify his warrantless arrest.  Therefore, the Court grants the Petition.

The parties agree that Elfego H. is being detained pursuant to 8 U.S.C. § 1226(a) (Doc. No. 6 at 4), which typically requires a warrant. 8 U.S.C. § 1226(a) (stating that "[o]n a warrant issued by the Attorney General, a [non-citizen] may be arrested and detained pending a decision on whether the [non-citizen] is to be removed from the United States."); *see also Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) ("Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." (quotation omitted)).   Respondents argue that an exception to this warrant requirement exists based on the language of a statutory provision

4

that permits a warrantless arrest when the arresting officer "has reason to believe [1] that the [noncitizen] so arrested is in violation of any[] law or regulation [made in pursuance of law regulating the admission, exclusion, expulsion, or removal of noncitizens] and [2] is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2); *see also* 8 C.F.R. § 287.8 (c)(2)(ii) (stating that a warrant of arrest "shall be obtained except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained.").

The parties' dispute the second statutory requirement, whether the arresting officers had reason to believe Elfego H. was "likely to escape."[4] Respondents primarily argue that, based on on the holding in *United States v. Quintana*, 623 F.3d 1237, 1238, 1240–41 (8th Cir. 2010), the officer in this case had a sufficient reason to believe Elfego H. was likely to escape.[5] The Court cannot agree for two separate reasons. First, *Quintana* does not stand for a per se rule that any noncitizen who the officer believes is removable and who is subject to a valid traffic stop is necessarily likely to escape.. Such a rule would effectively render the second statutory requirement meaningless and to the extent that it would justify arrest of all removable noncitizens, it would also violate constitutional due

---

[4] The Parties do not dispute that the first statutory requirement, that Elfego H. is a noncitizen who lacks legal status to reside in the United States, has been met.

[5] Respondents also assert that 8 C.F.R. § 287.3 permits a warrantless arrest in this case. (Doc. No. 6 at 6–8.) 8 C.F.R. § 287.3, however, does not apply. That regulation only applies to noncitizens arrested "under the authority contained in section 287(a)(2)." Section 287(a)(2) is limited to arrests that occur within "100 air miles from any external boundary of the United States." Because section 287(a)(2) does not apply, Respondents' argument based on section 287.3 has no merit.

process, *see, e.g.*, *Quintana*, 623 F.3d at 1239 (stating that "the Fourth Amendment applies to arrests of illegal aliens" and interpreting the phrase "reason to believe" in section 1357(a)(2) to mean "constitutionally required probable cause").

Second, the facts of this case are readily distinguishable from those in *Quintana*, especially when it comes to indicia of likelihood of escape. In *Quintana* the Court found that where the petitioner had no documents on him to verify his identity, where agents could not find any corresponding records to validate his claims of legal entry into the country, and where the petitioner was suspected of a criminal drug-trafficking offense, the Court found that the immigration agent had reason to believe that the petitioner was likely to escape before a warrant could be obtained. *Quintana*, 623 F.3d at 1238, 1240–41. None of those important facts are present here. To the contrary, in this case Elfego H. provided the officer with his true identity, he had entered the country lawfully, had identification documents in his possession, and had no criminal record. (*See* Doc. No. 7-3.) The record also includes no information concerning the nature of the traffic violation that precipitated the stop of Elfego H.'s vehicle, or even whether the violation was a minor equipment violation, a civil violation, or a minor misdemeanor offense. Absent this information, the Court cannot reach the same result as in *Quintana*, where the record included evidence that the initial traffic stop also included a basis to suspect Quintana of trafficking drugs. Further, there was no mention by the arresting officer of any factors considered or contributing to Elfego H.'s likelihood of escaping documented in the narrative section of Form I-213. (*Id.*) In sum, based on the record presented, the Court concludes that arresting officers had no reason—much less probable cause—to think that Elfego H. was likely to

escape.

Accordingly, Elfego H. has shown that ICE's detention of him on March 25, 2026, violated the law because ICE did not comply with its own regulations under § 287.8 and § 1357(a)(2). Respondents' failure to conduct a warrantless arrest in accordance with these requirements means that Elfego H.'s initial arrest was unlawful, and as a result he is entitled to release. *See Pina C.D.B. v. Bondi*, No. 26-CV-1929 (KMM/DJF), 2026 WL 810676, at *3 (D. Minn. Mar. 24, 2026) (concluding "immediate release is the proper remedy" for arrest effected in absence of valid administrative warrant); *see also Claudio A.A. v. Bondi*, No. 26-CV-742 (KMM/LIB), 2026 WL 468232, at *7 (D. Minn. Feb. 12, 2026) (concluding that failure to provide a warrant before arrest pursuant to section § 1226(a) is a violation of due process rights and collecting cases), *R&R adopted*, No. 26-CV-742 (KMM/LIB), 2026 WL 478347 (D. Minn. Feb. 18, 2026).

### ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED, as follows:

1. Respondents must IMMEDIATELY release Petitioner Elfego H. in Minnesota, without conditions of release, and in any event, on or before 5:00 p.m. CT on April 27, 2026.

2. On or before 11:00 a.m. CT on April 28, 2026, counsel for Respondents shall file a letter affirming that Petitioner was released from custody in accordance with this Order. Counsel shall also file a declaration on or before 11:00 a.m. CT on April 28, 2026, pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaching any and all relevant documentation concerning the Petitioner's release, and affirms that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property is retained, the legal basis for its retention, and affirm that Respondents duly provided

Petitioner with certified copies of any and all immigration-related documentation). If Petitioner was transferred out of Minnesota prior to the Court's Order granting the Petition, counsel shall also file a declaration on or before 11:00 a.m. CT on April 28, 2026, pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that includes the following: (a) the name or names of any individual or individuals who authorized Petitioner's transfer outside of Minnesota; (b) the basis for the transfer; (c) the time and date when that decision was made; (d) the time and date when Petitioner was moved; and (e) what efforts Respondents took to return Petitioner to Minnesota as ordered by the Court.

3.  To the extent Petitioner Elfego H. seeks additional relief, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  April 25, 2026                          /s/ *Jeffrey M. Bryan*
                                                Judge Jeffrey M. Bryan
                                                United States District Court